UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Estrada,<br><br>  Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department; the State of Nevada; Barrett-Jackson, Inc.; and the City of Paradise, NV,<br><br>  Defendants | Case No.: 22-cv-02089-JAD-NJK<br><br>**Order Denying Defendant's Motion to Dismiss, Denying Plaintiff's Motion to Amend, and Extending Time to Complete Service of Process**<br><br>**[ECF Nos. 11, 15]** |

Pro se plaintiff Michael Estrada sues the Las Vegas Metropolitan Police Department (Metro), the State of Nevada, Barrett-Jackson, Inc., and the City of Paradise, Nevada for perceived violations of his civil rights while he was transported by the police.[1] Metro moves to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(5), contending that Estrada's service was ineffective.[2] I find that Estrada failed to properly serve Metro under federal and Nevada law, but I deny the motion to dismiss and instead give Estrada until August 23, 2023, to properly serve Metro.

**Discussion**

**I.  Legal standard**

This court "is without personal jurisdiction over a defendant unless the defendant has been served" in accordance with federal law.[3] Service on a state or local government agency is effected by either "delivering a copy of the summons and of the complaint to its chief executive

---

[1] ECF No. 1.

[2] ECF No. 11.

[3] *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (quoting *Travelers Case. & Sur. Co. of Am v. Brenneke*, 551, F.3d 1132, 1135 (9th Cir. 2009)).

officer" or "in the manner prescribed by [Nevada] law."[4] Nevada law requires the summons and complaint to be personally served on the Attorney General and the person serving as the administrative head of the named public entity.[5] Service of process by mail—certified or otherwise—is thus ineffective under both federal and Nevada law.[6] When service is ineffective, the court must grant a time extension to cure service if the plaintiff can show good cause for the defect.[7] The Ninth Circuit has recognized that, "at a minimum, good cause means excusable neglect."[8]

## II.   Estrada's service was ineffective.

Metro argues that Estrada's attempt at service was ineffective because it received Estrada's complaint by mail on February 9, 2023, and separately received the summons by mail about a month later.[9] Estrada does not dispute that he did not properly serve Metro and requests I grant him the opportunity to try again.[10] Because service by mail is ineffective, I find that Estrada has not effectuated service on Metro.

## III.   Dismissal is not yet warranted.

If a plaintiff fails to effectuate service, FRCP 4(m) gives district courts discretion to determine whether to grant him an extension of time to effect service despite the lack of good

---

[4] Fed. R. Civ. P. 4(j)(2).

[5] Nev. R. Civ. P. 4.2(d).

[6] Nev. R. Civ. P. 4.2(d); *Campbell v. Gasper*, 2012 F.R.D. 139, 161 (D. Nev. 1984) ("Service by mail, even if actually effected, does not constitute personal service.").

[7] Fed. R. Civ. P. 4(m).

[8] *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (cleaned up).

[9] ECF No. 11 at 3.

[10] ECF No. 17 at 1–2.

cause.[11]  This was pro se Estrada's first attempt at service.  And though he is still "bound by the rules of procedure,"[12] the Ninth Circuit "recognizes that it has a duty to ensure a pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."[13]  Indeed, Nevada acknowledges that its service rules can be confusing and directs courts to grant a reasonable extension to complete service.[14]  As Estrada is proceeding pro se and *in forma paperis*, it would be prejudicial to require him to pursue his allegations in a new complaint due to a curable defect.  So I find good cause to extend Estrada's deadline for service, deny Metro's motion to dismiss without prejudice to its ability to reassert the same arguments should service be accomplished, and instead give Estrada until August 23, 2023, to cure the defect and properly serve Metro with the summons and complaint together by personal service in the manner that NRCP 4.2 requires.

## IV.    Estrada's motion to amend is denied.

Estrada moves to amend his complaint, claiming that he wants to remove some defendants and add others.[15]  Estrada must attach his proposed amended complaint to his motion seeking leave to amend.[16]  Because Estrada did not attach the proposed amended pleading, I am unable to determine whether justice requires me to grant leave to amend.  So I deny his motion to amend without prejudice to his ability to file a new motion with his proposed complaint attached.

---

[11] *See* e.g., *Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[I]n 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'").

[12] *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

[13] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)).

[14] Nev. R. Civ. P. 4.2(d)(6); *Harris v. State*, 510 P.3d 802 (Nev. June 2, 2022).

[15] ECF. No. 15.

[16] LR 15-1.

**Conclusion**

IT IS THEREFORE ORDERED that defendant Las Vegas Metropolitan Police Department's motion to dismiss **[ECF No. 11] is DENIED**. Plaintiff Michael Estrada **has until August 23, 2023, to effectuate legal service of process on Metro** and file proof of that service with the court. Failure to do so could result in dismissal without further prior notice.

IT IS FURTHER ORDERED that Estrada's motion to amend his complaint **[ECF No. 15] is DENIED** without prejudice to his ability to file a new motion that complies with Local Rule 15-1.

_____
U.S. District Judge Jennifer A. Dorsey
July 24, 2023