UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Estrada, | Case No.: 2:22-cv-02089-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss and Motion to Amend** |
| Las Vegas Metropolitan Police Department, et al., | [ECF Nos. 22, 26] |
| Defendants | |

Pro se plaintiff Michael Estrada sues the Las Vegas Metropolitan Police Department (Metro) and other governmental and corporate entities for alleged civil-rights violations that he claims occurred while law-enforcement officers transported him to the Clark County Detention Center (CCDC). Metro moves to dismiss, arguing that Estrada does not allege a plausible *Monell* claim and, as a private citizen, Estrada cannot assert a claim under 18 U.S.C. § 242. I dismiss with prejudice Estrada's § 242 claim because that federal criminal statute provides no private right of action. I also dismiss Estrada's *Monell* claim because he has not alleged facts showing a Metro custom, policy, or practice that violated his rights. But because he is a pro se litigant and I am not yet convinced that he cannot plead a plausible *Monell* claim, I do so with leave to amend by December 15, 2023.

Estrada also moves to amend his complaint to remove some defendants and add as defendants Sheriff Kevin McMahill and the officers who drove him to CCDC. Because I allow leave to amend the complaint to state a *Monell* claim, I also grant Estrada's leave to add facts supporting his § 1983 claim against Sheriff McMahill and the transporting officers.

**Background**

Estrada alleges that an officer stopped him for speeding in June 2021.[1] The officer discovered that Estrada had an outstanding warrant and arrested him.[2] During that arrest, Estrada suffered chest pains and was rushed to University Medical Center (UMC) for extensive tests.[3] After Estrada was released from UMC, he was handcuffed and put in a police car.[4] Estrada alleges that, on the way from UMC to CCDC, two transporting officers gave him a "rough ride," making "very sharp turns while slamming on the brakes."[5] When they got to CCDC, a nurse evaluated Estrada and recommended his immediate return to UMC.[6] The officers transported him 30 minutes later, and he underwent emergency spinal surgery that morning.[7]

Estrada sues Metro under 42 U.S.C. § 1983 and 18 U.S.C. § 242.[8] He also seeks to amend his complaint, dropping claims against the governmental and corporate entities but adding the two transporting officers and Sheriff Kevin McMahill as defendants.[9] Metro moves to dismiss, arguing that Estrada does not allege a plausible *Monell* claim and, as a private citizen, Estrada cannot assert a claim under 18 U.S.C. § 242. Metro also opposes the motion to amend because suing the two transporting officers and Sheriff McMahill in their official capacities is

---

[1] ECF No. 1–3 at 5.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* at 6.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] ECF No. 22.

functionally the same as suing Metro under a *Monell* claim.  And it opposes adding Sheriff McMahill in his individual capacity because Estrada does not allege that Sheriff McMahill participated in or knew about Estrada's arrest, detention, or transport.

**Discussion**

Federal pleading standards require a plaintiff to include in his complaint enough factual detail to "state a claim to relief that is plausible on its face."[10]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[11] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[12]  A complaint that fails to meet this standard must be dismissed.[13]

But federal courts must also interpret all pleadings "so as to do justice,"[14] and the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[15]  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."[16]  If the judge grants a motion to dismiss for failure to state

---

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[13] *Twombly*, 550 U.S. at 570.

[14] Fed. R. Civ. P. 8(e).

[15] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[16] *Id.* (cleaned up).

a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[17]

### A. Estrada does not plead enough factual detail to state a § 1983 *Monell* claim, and 18 U.S.C. § 242 does not give him a private right of action.

The United States Supreme Court held in *Monell v. Department of Social Services of the City of New York* that a municipal entity like Metro can be held liable for the constitutional violations of its officers only if the plaintiff can show that the execution of a municipal policy or custom caused his constitutional injury.[18] A plaintiff may recover based on one of three *Monell* theories: (1) commission—when a municipality establishes an official policy or custom that causes the injury; (2) omission—when a municipality's oversight amounts to a deliberate indifference to a constitutional right; or (3) ratification—when a policymaker authorizes or approves of the constitutional injury.[19] Metro moves to dismiss Estrada's claims against it, arguing that he fails to allege sufficient facts that show a custom, policy, or practice that caused his alleged injuries.[20]

Estrada's complaint contains no allegations to suggest that his "rough ride" to CCDC or the injuries he sustained were the result of a Metro official policy or custom. And while Estrada opposes the motion to dismiss, he points only to an undated settlement agreement requiring Metro to train its officers on constitutional law and a 2011 report about Metro's use of force as

---

[17] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[18] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. N.Y.C. Dept. of Soc. Serv.*, 436 U.S. 658 (1978)).

[19] *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010*), overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

[20] ECF No. 24 at 4.

support for his theory.[21]  But those allegations are unrelated to the police practice of transporting detainees.  So I grant Metro's motion to dismiss Estrada's *Monell* claim because he's identified no facts to support a claim under any one of *Monell*'s three theories.

Estrada also brings a § 242 claim against Metro.  That statute makes it a crime for someone acting under "color of any law" to deprive a person of his constitutional rights.[22]  But private plaintiffs do not have standing to assert claims for relief based on criminal statutes like 18 U.S.C. § 242.[23]  So I dismiss that claim with prejudice because amendment would be futile.

**B.    Estrada may amend his complaint to assert sufficient facts to plead a *Monell* claim and to add the two transporting officers and Sheriff McMahill as defendants.**

Though I dismiss Estrada's § 242 claim with prejudice because that statute provides no private right of action, I consider whether he should be given leave to make other amendments to his complaint.  Federal Rules of Civil Procedure 15(a)(2) states that the court should freely give leave to amend when justice so requires.  The court should deny leave to amend based only on bad faith, undue delay, prejudice to the opposing party, or futility of amendment.[24]  While any amendment to Estrada's § 242 claim would be futile, I am not yet convinced that Estrada can plead no set of facts to plausibly allege a *Monell* claim against Metro, so I dismiss that *Monell* claim with leave to amend if he can include true facts about Metro's customs, policies, or practices that relate to transportation of arrestees and that Estrada believes led to the violation of his rights.

---

[21] ECF No. 30 at 2, 4.

[22] *See* 18 U.S.C § 242.

[23] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of 18 U.S.C § 242 claim because criminal provisions "provide no basis for civil liability").

[24] *Roth v. Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

      Estrada separately asks to amend his complaint to drop some defendants and add others in both their official and individual capacities.[25] Because I grant Estrada leave to amend his *Monell* claim, and he seeks to add defendants that were involved in the underlying incident that forms the basis of his complaint, I grant him leave to add those defendants. Estrada is advised that suing a municipal employee in his official capacity is, in effect, suing the municipality.[26] So if Estrada seeks to sue any new defendant in an official capacity, he must allege facts establishing a *Monell* claim against them. A defendant is liable in his individual capacity only if he personally engaged in the alleged violation.[27] Supervisors are liable for their subordinates' constitutional violations only if they were involved in, directed, or knowingly ignored the violation and failed to act to prevent it.[28] If Estrada sues any defendant in his individual capacity, he must allege true facts showing that they personally participated in the constitutional violations.[29]

      Estrada is cautioned that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself without reference to a prior version.[30] If Estrada chooses to file an amended complaint, he must do so by December 15, 2023, and must title it

---

[25] ECF No. 21.

[26] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Larez v. Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991).

[27] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[28] *Id.*

[29] Metro opposes granting leave to amend to add Sheriff McMahill in his individual capacity. ECF No. 25. Metro remains free to re-urge its arguments in this regard should Estrada file an amended complaint.

[30] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that, for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

"first amended complaint." In each count, he must allege true facts sufficient to show what each defendant did to violate his civil rights. If Estrada does not file an amended complaint by this deadline, this case will be dismissed and closed without further prior notice.

### Conclusion

IT IS THEREFORE ORDERED that Metro's motion to dismiss **[ECF No. 26] is GRANTED.** Estrada's complaint is **DISMISSED** under FRCP 12(b)(6) for failure to state a claim. Estrada's 18 U.S.C. § 242 claim is dismissed **with prejudice**. His *Monell* claim against Metro is dismissed **without prejudice and with leave** to file an amended complaint that complies with this court's instructions by **December 15, 2023.** If Estrada does not file an amended complaint by that date, this case will be dismissed with prejudice and closed without further prior notice.

IT IS FURTHER ORDERED that Estrada's motion to file an amended complaint **[ECF No. 22] is GRANTED.** Estrada may add in his amended complaint the two transporting officers and Sheriff McMahill as defendants, and he may remove any defendants he chooses.

_____
U.S. District Judge Jennifer A. Dorsey
November 15, 2023