UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Estrada,<br><br>     Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>     Defendants | Case No.: 2:22-cv-02089-JAD-NJK<br><br>**Order Granting Motions to Strike and to Dismiss and Closing Case**<br><br>[ECF Nos. 43, 50] |

    This case arises out of Plaintiff Michael Estrada's bumpy transport to the Clark County Detention Center (CCDC) in the back of a police car. Estrada sues the Las Vegas Metropolitan Police Department (Metro), Sheriff McMahill, and two Metro officers for violating his civil rights when the officers' erratic driving injured his back. The defendants move to dismiss, arguing that Estrada fails to state a plausible claim under *Monell v. Department of Social Services*,[1] he does not allege facts that implicate Sheriff McMahill in the incident, and the two-year statute of limitations on this claim expired before he amended his complaint to include the sheriff and Metro officers. Estrada files two responses to the motion to dismiss, contending that Metro's policy of using empty-hand tactics caused his injury. I grant the defendants' motion to strike Estrada's second response because Estrada does not oppose it and because this court's procedural rules allow just one response brief. And I grant the defendants' motion to dismiss Estrada's only claim because his amended complaint does not contain sufficient factual allegations to state a *Monell* claim against Metro or any claims against the individual defendants.

---

[1] *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1971).

**Background**

Estrada alleges that in June 2021, an officer stopped him for speeding down Las Vegas Boulevard.[2]  The officer discovered that Estrada had an outstanding warrant and arrested him.[3]  He was handcuffed and placed in the back of a police car, and two officers transported him to CCDC.[4]  During the drive, the officers turned up the car stereo and made wide turns and abrupt stops, and Estrada felt a "pop" in his lower back.[5]  When he arrived at CCDC, the nurse ordered the officers to take him to University Medical Center where he underwent emergency back surgery.[6]

Estrada initially sued Metro, the State of Nevada, and the City of Paradise under 42 U.S.C. § 1983 and 18 U.S.C. § 242.  The defendants moved to dismiss, arguing that Estrada did not allege a plausible *Monell* claim and cannot assert a claim under § 242 as a private citizen.  I granted the defendants' motion and dismissed both of his claims.  But I gave Estrada leave to amend his complaint to drop some defendants, add others, and try again to allege facts to support a *Monell* claim.[7]  I cautioned Estrada that *Monell* claims against a municipality or an officer in his official capacity must allege a policy, custom, or practice that caused a constitutional violation.  And I provided guidance on what Estrada must plead to state a claim against an officer sued in his individual capacity.

---

[2] ECF No. 42 at 2.
[3] *Id.* at 3.
[4] *Id.* at 4.
[5] *Id.*
[6] *Id.* at 4–5.
[7] ECF No. 40.

1  Estrada now sues Metro, the two Metro officers that transported him to CCDC, and
2  Sheriff McMahill—all under a *Monell* theory of liability, arguing that Metro's policy of using
3  empty-hand tactics caused his injury.[8]  He demands $100 million "payable in gold."[9]  The
4  defendants move to dismiss this lone claim, contending that he fails to allege facts showing that
5  the ride to CCDC was the result of unlawful policies, practices, or customs at Metro; Sheriff
6  McMahill cannot be held liable in his individual or official capacity; Estrada states no claim
7  against the officers in their individual capacities; and the claim against the sheriff and the
8  officers is time-barred.[10]  Estrada responds that his back injury was caused by the officers'
9  "direct use of force" and that Metro's empty-hand tactics are "proof of their inadequate
10 training."[11]

11  Estrada filed another response to the defendants' motion to dismiss, asking the court to
12 review the recorded video of his transport to CCDC.[12]  The defendants move to strike this
13 response, arguing that it's effectively an unauthorized surreply.[13]  Estrada does not oppose their
14 motion.

## Discussion

16  Federal pleading standards require a plaintiff to include in his complaint enough factual
17 detail to "state a claim to relief that is plausible on its face."[14]  This "demands more than an

---

[8] ECF No. 42 at 5, 11.
[9] *Id.* at 13.
[10] ECF No. 43.
[11] ECF No. 46.
[12] ECF No. 49.
[13] ECF No. 50.
[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

unadorned, the-defendant-unlawfully-harmed-me accusation";[15] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under some viable legal theory."[16]  A complaint that fails to meet this standard must be dismissed.[17]

Of course, federal courts must also interpret all pleadings "so as to do justice,"[18] and the Supreme Court has consistently held that pro se pleadings like Heineman's are "to be liberally construed."[19]  So a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim [that] would entitle [them] to relief."[20]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[21]

**A.    The court strikes Estrada's second response to the motion to dismiss.**

The defendants move to strike Estrada's "Response to Motion to Dismiss," arguing that Estrada already responded to their motion to dismiss, so this filing is essentially an unauthorized surreply filed 41 days late.[22]  They contend that Estrada's filing "boils down to a request that the

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[17] *Id.* at 570.

[18] Fed. R. Civ. P. 8(e).

[19] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[20] *Id.* (cleaned up).

[21] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[22] ECF No. 50 at 3.

Court review unidentified video footage of his transport."[23]  Estrada does not oppose their motion.  Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under [Federal Rule of Civil Procedure] 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."  I apply LR 7-2(d) and deem Estrada's silence as his consent to granting the motion to strike.

**B. Estrada's *Monell* claim does not survive this Federal Rule of Civil Procedure 12(b)(6) challenge.**

The defendants move to dismiss Estrada's *Monell* claim, arguing that he fails to allege facts showing that the drive to CCDC was the result of unlawful policies, practices, or customs at Metro.[24]  They contend that he doesn't include facts indicating that this kind of "rough ride" is an empty-hand technique used by Metro.[25]  But even if he could, he fails to allege facts demonstrating that a rough ride was a tactic employed by Metro outside of this singular incident.[26]  Liberally construing Estrada's response, he seems to assert that there are "unwritten rules and customs [that] are unwritten for a reason," and the rough driving technique that injured his back is one of them.[27]  He argues that "an average of 800 [people] are injured by [Metro] using . . . empty[-]hand tactics," and this is "proof of their inadequate training . . . [and] culture."[28]

---

[23] *Id.* at 7.
[24] ECF No. 43 at 6.
[25] *Id.*
[26] *Id.* at 7.
[27] ECF No. 46 at 5 (cleaned up).
[28] *Id.* at 5–6 (cleaned up).

*Monell* imposes § 1983 liability on a municipal employer only if the constitutional violation by an employee was the result of the employer's policy, practice, or custom, or a decision-making official directed or ratified the complained-of conduct.[29] To succeed on a *Monell* claim, a plaintiff must show that the policy or lack thereof caused the injury.[30] A plaintiff may recover under *Monell* based on one of three theories: (1) commission—when a municipality establishes an official policy or custom that causes the injury; (2) omission—when a municipality's oversight amounts to a deliberate indifference to a constitutional right; or (3) ratification—when a policymaker authorizes or approves of the constitutional injury.[31]

Estrada fails to allege facts showing that his injury was caused by a Metro policy or practice of transporting detainees under any of these three theories. Although he argues that he was injured from "an established policy and custom called empty[-]hand tactics," he states that this tactic "involves physically engaging with a suspect without holding a tool like a nightstick, a stun gun, or a firearm."[32] But Estrada claims he was injured on a drive in the back of a police car, not in a physical altercation with the Metro officers. So the facts as Estrada alleges them suggest that Metro's empty-hand policy could not have been the policy or custom that caused his injury. Estrada again fails to identify a custom, policy, or practice that relates to the transportation of arrestees, so he has not alleged facts to support a claim for his injuries under *Monell*. And because it appears that any opportunity to amend would likely result in allegations of another speculative policy or custom at best, I find that amendment would be futile. Because

---

[29] *Hopper v. City of Pasco*, 241 F.3d 1067, 1082–83 (9th Cir. 2001) (quoting *Monell*, 436 U.S. at 690–94).

[30] *Bd. of Cnty. Comm'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 403–04 (1997).

[31] *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

[32] ECF No. 42 at 5, 10 (cleaned up).

the *Monell* claim is Estrada's only claim for relief,[33] there remain no active claims against Sheriff McMahill or the Metro officers in their individual capacities. And because I dismiss and close this case based on a lack of true factual allegations to substantiate a *Monell* claim, I do not reach the defendants' other arguments for dismissal.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to strike **[ECF No. 50] is GRANTED.** The Clerk of Court is directed to **STRIKE ECF No. 49.**

IT IS FURTHER ORDERED that the defendants' motion to dismiss **[ECF No. 43] is GRANTED.** The Clerk of Court is directed to **ENTER JUDGMENT** in favor of the defendants and against Plaintiff Michael Estrada and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
July 8, 2024

---

[33] While Estrada labels only a "cognizable *Monell* claim," it is possible that he also seeks to assert claims for assault, battery, and infliction of emotional distress. *See* ECF No. 42 at 13 (identifying these concepts as items he seeks damages for). But those tort claims would arise (if at all) under state law, and it does not appear that this federal court would have jurisdiction over such claims, so allowing Estrada to amend his complaint to assert such tort claims here would be futile. If Estrada wishes to pursue such claims, he must file them in Nevada state court.